### In re FERGUSON CONTRACTING CO.

(Circuit Court of Appeals, Second Circuit. May 8, 1911.)

No. 260.

BANKRUPTCY (§ 114*)—CLAIMS AGAINST RECEIVER.

A receiver in bankruptcy for a railroad contractor, who continued the work under a contract, by paying employés of a subcontractor who abandoned the work the wages due them, less the amounts they owed petitioner for supplies, which it was the custom of the subcontractor to withhold and pay to petitioner, did not incur any liability to petitioner for the amounts due him, where the receiver was not indebted to the subcontractor, but paid the men to avoid delay in the work, and perhaps the filing of liens.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

Petition to Revise an Order of the District Court of the United States for the Southern District of New York.

In the matter of the Ferguson Contracting Company, bankrupt. On petition by George F. Meinecke to revise an order of the District Court. Affirmed.

Petition for revision of an order of the District Court, Southern District of New York, denying a motion of the present petitioner to compel a receiver in bankruptcy to pay over to him certain moneys alleged to have been collected for his benefit.

The respondent, as the temporary receiver of a construction company, was authorized to continue the performance of a contract for certain railroad work. The Hunter Contracting Company was a subcontractor upon such work which was accustomed in paying off its laborers to deduct from their wages the amounts which they respectively owed to the petitioner for groceries supplied.

The Hunter Company abandoned the work and left a number of laborers unpaid. The receiver, in order to avoid delay and, perhaps, the filing of liens, paid the wages of these laborers, less the amounts which it appeared they owed the petitioner. The receiver, at the time of making such payments, was not indebted to the Hunter Company.

Parker & Ernst, for petitioner.
John C. Coleman, for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). It is undoubtedly true, as urged by the petitioner, that the receiving of money which, consistently with conscience, cannot be retained, is in equity sufficient to raise a trust in favor of the person for whom it is received. The difficulty with applying this principle in the present case is that the receiver never received any moneys to which the

petitioner was entitled. There was nothing to which a trust could be attached.

The theory that the receiver by paying the laborers less than the whole amount due them created a trust in favor of the petitioner with respect to the unpaid balances is without foundation. The receiver was not indebted to the laborers' employer and owed no duty to the petitioner. He could pay as much or as little as he deemed expedient to safeguard the work. The payments he made may or may not have satisfied the laborers' demands. If those demands constituted liens, such payments did not discharge the property. But there was nothing retained for the petitioner's benefit because there was nothing to be retained.

The petitioner's demand would undoubtedly be well founded had the receiver owed the subcontractor and in paying its laborers' wages had deducted the amount of the petitioner's claim. But the most that can be said is that the receiver took advantage of a practice which he found to exist to pay the laborers less than he probably otherwise would have paid. But as already pointed out, whatever may have been the effect of such payment upon the laborers' demands, it created no obligation in favor of the petitioner.

The order of the District Court is affirmed with costs